# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2013

Lyle W. Cayce
Clerk

No. 12-40204
Summary Calendar

BASILLO GARCIA,

Plaintiff - Appellant

v.

JAMES HACKMAN; RICHARD CRITES,

Defendants - Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CV-311

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Basillo Garcia, Texas prisoner #598955, appeals the denial of relief in his action pursuant to 42 U.S.C. § 1983, following a jury trial tried by consent before a magistrate judge and for which Garcia had appointed counsel. Garcia presents three issues.

First, Garcia challenges the magistrate judge's dismissal of his claim that James Hackman, the craft shop supervisor, and Richard Crites, the former warden, converted Garcia's craft-shop property and tools. In that regard, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends the court erred in granting defendants' motion for judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50, for this claim.

The district court may grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue". FED. R. CIV. P. 50(a). In considering a Rule 50 motion, the court "must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party". *Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 362 (5th Cir. 2004). The court should also "give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses". *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (citation and internal quotation marks omitted). A ruling on a motion for judgment as a matter of law is reviewed *de novo*, applying the same Rule 50 standard as the district court. *See Dickie Brennan & Co. Inc.*, 376 F.3d at 362.

At trial, Garcia, through appointed counsel, conceded he did not have sufficient evidence to support his conversion claim and told the court Garcia's evidence dealt purely with the retaliation claim. Because Garcia did not present evidence to support his claim for conversion, the court did not err in granting the Rule 50 motion and dismissing that claim.

For his second issue, Garcia challenges the sufficiency of evidence before the jury and requests a new trial. "Part[ies] [are] not entitled to pursue a new trial on appeal unless that party makes an appropriate postverdict motion in the district court". *Unitherm Food Systems, Inc. v. Swift-Eckrick, Inc.*, 546 U.S. 394, 404 (2006). Our court requires that a party file an appropriate post-verdict motion because appropriate determinations of Rule 50(b) motions for judgment as a matter of law or for new trials "call[] for the judgment in the first instance of the judge who saw and heard the witnesses and has the feel of the case which

no printed appellate transcript can impart". *Id.* at 401 (citation and quotation marks omitted).  By failing to move for judgment as a matter of law after the verdict under Rule 50(b), Garcia forfeited his right to appeal on sufficiency grounds for a new trial.  *See* FED. R. CIV. P. 50; *see, e.g.*, *St. Paul's Evangelical Lutheran Church v. Quick Response Restoration, Inc.*, 381 F. App'x 408, 412 (5th Cir. 2010) (per curiam) (unpublished) ("St. Paul's did not file a Rule 50(b) motion. Therefore, there is no basis for this court to review its challenge to the sufficiency of the evidence.") (alterations, citation, and internal quotation marks omitted), *Jones v. George Cnty. Sch. Dist.*, 233 F. App'x 415 (5th Cir. 2007) (per curiam) (unpublished) ("Jones's failure to present a post-verdict Rule 50(b) motion precludes appellate review of the sufficiency of evidence").

Finally, Garcia contends his trial counsel was ineffective because he failed to object to the dismissal of the conversion claim.  This claim lacks merit because Garcia has no constitutional right to effective assistance of counsel in a civil action.  *See Williams v. Wynne*, 533 F.3d 360, 369 (5th Cir. 2008).

AFFIRMED.